UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID L. JONES #207422,

       Petitioner,

v.	Case No. 2:04-cv-192
    HON. GORDON J. QUIST

TIM LUOMA,

       Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner David L. Jones filed this petition for writ of habeas corpus challenging the validity of his state court jury conviction for bank robbery. Petitioner was convicted on April 11, 2001, and was sentenced to 48 months to 10 years imprisonment.

Petitioner maintains that his convictions were obtained in violation of his federal rights. The instant petition sets forth four claims:

    I.    There was insufficient evidence to prove that Petitioner was guilty beyond a reasonable doubt.

    II.    Petitioner was denied the effective assistance of counsel.

    III.    Trial court lacked subject matter jurisdiction over the claim against Petitioner.

    IV.    Conviction was obtained as a result of the prosecutions failure to disclose evidence favorable to Petitioner at trial.

A review of the record provided to this court establishes that Petitioner has failed to present his second, third and fourth claims, of ineffective assistance of counsel, lack of subject matter jurisdiction and prosecutorial misconduct, to the state courts for their consideration. A

petitioner in a habeas corpus proceeding is required to first exhaust his available state remedies, except when there is an absence of available state corrective process, or there exist circumstances rendering such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c). There is no exhaustion of available state remedies until the specific federal issues to be presented to this court have been presented to the state courts. *Picard v. Connor*, 404 U.S. 270 (1971); *Albertson v. Johnson*, 440 F.2d 1201 (6th Cir. 1971). Michigan's corrective process for reviewing illegal detentions in violation of constitutional rights has been found adequate. *Whalen v. Frisbee*, 185 F.2d 607 (6th Cir. 1950), *cert. denied*, 341 U.S. 911 (1951); *Worth v. People*, 291 F.2d 621 (6th Cir.), *cert. denied*, 368 U.S. 862 (1961).

Had the instant Petitioner pursued his available state remedies as to these particular claims, there is no basis to conclude that such process would have been ineffective. Petitioner pursued an appeal through the Michigan appellate system, during which he had the opportunity to raise his unexhausted claim. In addition, Petitioner could have filed a motion for relief from judgment pursuant to MCR 6.501 - 6.509, with regard to his unexhausted claims. However, it does not appear that Petitioner ever filed such a motion. If a state court remedy is now foreclosed to him[1], making it futile for him to return to the state courts, his procedural default bars federal habeas review, unless he can show "cause and prejudice" excusing the default or other extraordinary circumstances. *See Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546 (1991); *Harris v. Reed*, 489 U.S. 255 (1989); *Wainright v. Sykes*, 433 U.S. 72, 81 (1977).

The record demonstrates, however, that Petitioner <u>has</u> exhausted his state court remedies on his first claim regarding the sufficiency of the evidence. Having raised an issue which

---

[1] It appears to the undersigned that the remedy of a "Motion for Relief from Judgment," pursuant to MCR 6.501 - 6.509, is still available to Petitioner.

has been exhausted and issues which have not been exhausted, the court must decide whether to reach the merits of the exhausted claim. Until 1987, the Supreme Court's strict interpretation of the exhaustion requirement called for the dismissal of all "mixed petitions," such as this one. *See Rose v. Lundy*, 455 U.S. 509 (1982). In 1987, in *Granberry v. Greer*, 481 U.S. 129, 133-136 (1987), however, the Court ruled that an appellate court, in the exercise of its sound discretion, may reach the merits of the exhausted claims presented in a mixed petition. *See also Hafley v. Sowders*, 902 F.2d 480 (6th Cir. 1990); *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989).

   The AEDPA codified the requirement that a habeas corpus Petitioner first exhaust his claims in state court before presenting them in federal court. Under this requirement, a habeas corpus petitioner "may not present a 'mixed' petition containing both exhausted and unexhausted claims to a federal court." *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). Although the exhaustion requirement is not jurisdictional, a mixed petition will not be considered by a federal court "absent 'unusual' or 'exceptional' circumstances." *Id.*

   It has been suggested that the holding in *Granberry* can be read as giving only <u>appellate</u> courts discretion to reach the merits of the exhausted claims in mixed petitions. *See for example*, *Ybarra v. Sumner*, 678 F. Supp. 1480 (D. Nev. 1988). *Cf. Plunkett v. Johnson*, 828 F.2d 954, 956 (2d Cir. 1987); *Campas v. Zimmerman*, 876 F.2d 318, 323 (3d Cir. 1989) (dicta).

   In *Foltz v. Pillette*, 824 F.2d 494 (6th Cir. 1987), the Sixth Circuit impliedly adopted the stricter, more literal interpretation.

> Although there is a strong presumption in favor of requiring state prisoners to pursue all available state remedies with regard to each and every claim, there are also limited circumstances under which the failure to do so will not act as a complete bar to federal habeas review. *Granberry v. Greer*, 107 S. Ct. 1671 (1987). *Granberry* involved the situation where a petitioner asserts a claim before the district court which he arguably has not exhausted, but the state fails

>> to raise nonexhaustion as a defense until the case reaches the court of appeals. Under those circumstances, the court of appeals should "take a fresh look at the issue [and] determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." 107 S. Ct. at 1675.

*Id.* at 496.

> And later in the opinion, the following language appears:
>
> The exhaustion requirement was developed due to principles of comity and federalism, under the notion that state courts should be afforded the first opportunity to address potential constitutional errors in state trials. *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Under "special circumstances," however, federal courts may excuse a petitioner's failure to comply with the exhaustion requirement. *Id.* One example of a special circumstance is where it is clear that requiring a petitioner to pursue further review before the state courts would be futile because state law precludes further review. *Rachel [v. Bordenkircher*, 590 F.2d 200 (6th Cir. 1978)] at 204 n.5. Another exceptional situation can arise when a state fails to raise an arguably valid nonexhaustion defense during district court proceedings. On appeal, the circuit court can either require complete exhaustion or excuse the requirement and address the merits of the habeas petition, depending on which resolution would better serve the "interests of justice." *See Granberry v. Greer.*

*Id.* at 498.[2]

In determining whether the interests of justice and comity weigh in favor of waiving the exhaustion requirement, the Sixth Circuit has held that "if the case involves an important

---

[2]   But see *Weaver*, where the Sixth Circuit obliquely suggested that district courts might have this discretion:

> In this case, the District Court dismissed Weaver's habeas corpus petition under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), as a "mixed" petition containing exhausted and unexhausted issues. It did so without regard to the subsequent case of *Granberry v. Greer*, 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed. 2d 119 (1987), which allows consideration of exhausted issues in mixed habeas corpus petitions.

*Weaver*, 888 F.2d at 1097-1098.

unresolved question of fact or state law or where there is an important state interest at stake, a return to the state courts is appropriate." *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996) (citing *Granberry*, 481 U.S. at 134-35), *cert. denied*, 117 S. Ct. 742 (1997). In *O'Guinn*, the Sixth Circuit held that a "mixed petition" should be returned to state court for adjudication of the unexhausted claim where the claim involved the conduct of a state prosecutor in a state trial for which the defendant was prosecuted for violating state law. *Id.* at 1412. The Sixth Circuit held that the state courts had an important interest in reviewing such a claim. *Id.*

In this case, the unexhausted claims involve unresolved questions of fact, as well of the application of state law. Therefore, even without the presumption in favor of returning mixed petitions to state court, it would appear to be an appropriate case in which to do so. *O'Guinn*, 88 F.3d at 1412. Furthermore, it does not appear that this case presents any exceptional or unusual circumstances warranting waiver of the exhaustion requirement. *Rockwell*, 217 F.3d at 423; *O'Guinn*, 88 F.3d at 1413; *Foltz*, 824 F.2d at 496-98.

Finally, the undersigned recommends a conclusion that this court lacks authority to reach the merits of this mixed petition. It would appear that only the federal circuit courts of appeals have the discretion to do so. This recommendation is based upon the language of the Sixth Circuit in *Pillette* which appears to adopt a narrow construction of *Granberry*, as well as the presence of a very clear directive from the Supreme Court mandating dismissal, that is, *Rose v. Lundy*, and the absence of any clear authority from either court giving <u>district</u> <u>courts</u> the authority to exercise the discretion granted expressly only to the circuit courts in *Granberry*. Accordingly, in the opinion of the undersigned, the instant petition should be dismissed for the reason that it is a "mixed petition." *Rose v. Lundy*.

Alternatively, Petitioner may seek leave of court to drop the unexhausted claims and proceed on the exhausted claims only. However, should Petitioner decide to do so, he does so at the risk of losing his opportunity to ever receive federal habeas review of the abandoned unexhausted claims. Should Petitioner choose to drop his unexhausted claims, any attempt to raise them is a subsequent petition would be considered a successive and/or second petition. A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir.), *cert. denied*, 481 U.S. 1055 (1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991). *See also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir.), *cert. denied*, 510 U.S. 847 (1993) (distinguishing second petitions and successive petitions). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

In addition, Petitioner may seek leave to dismiss the entire suit, so that he can return to the state courts for further proceedings prior to federal habeas review.[3] If Petitioner chooses this option, he will not, under present law, be barred from later refiling his petition, once the state remedies have been completed.[4]

---

[3] The Petitioner is instructed that if chooses this option and later returns to federal court, he shall bring only exhausted claims. The United States Supreme Court has recently held that once a petitioner has been made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. A petitioner's subsequent failure to comply with the exhaustion requirement is grounds for dismissal with prejudice. *Slack v. McDaniel*, 529 U.S. 473 (2000).

[4] Petitioner should be aware of the one year period of limitation for filing a petition of habeas corpus. 28 U.S.C. § 2244. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed" petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the
(continued...)

In conclusion, should Petitioner fail to respond to this Report and Recommendation, it is my opinion that the instant petition should be dismissed as a mixed petition pursuant to *Rose v. Lundy*.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

---

[4](...continued)
unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. However, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 2001 WL 963995. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application as a mixed petition. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed as a mixed petition. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

         /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 22, 2005